MEADOWBROOK PLAZA SOUTH, Respondent, v COUNTY TREASURER OF COUNTY OF NASSAU et al., Appellants. [813 NYS2d 466]—

In an action, inter alia, for a judgment declaring that the defendants could not charge the plaintiff interest on the real estate taxes for the subject property in excess of 6% per annum for the tax years 1992/1993 through 1999/2000, the defendants appeal from (1) an order of the Supreme Court, Nassau County (McCabe, J.), entered August 20, 2004, which, inter alia, granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court entered October 20, 2004, which, inter alia, made the declaration and directed the defendants to refund to the plaintiff any interest paid for the 1992/1993 through 1999/2000 tax years at a rate in excess of 6% per annum.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In June 1985 the plaintiff and the defendant County of Nassau entered into a commercial lease agreement which required the plaintiff, as tenant, to pay all real estate taxes due on the premises. In the event of the plaintiff's failure to pay, the County had the option of paying the taxes, to be repaid by the plaintiff as additional rent at an interest rate of 6% per annum. Subsequently, the plaintiff failed to pay real estate taxes due on

the premises for the 1992/1993 through 1999/2000 tax years. In March 2001 the plaintiff received arrearage bills from the defendant County Treasurer of the County of Nassau calculated at the interest rate provided under the Nassau County Administrative Code of 10% per six months. The plaintiff paid the arrears "under protest" and commenced the instant action to recoup what it considered excessive interest payments.

The Supreme Court properly determined that the County's interpretation of the lease provision, allowing it to choose whether to apply the contractual 6% per annum interest rate or the statutory rate of 10% per six months, through an admittedly simple bookkeeping entry, renders the provision meaningless as the County would not opt to receive the lesser interest rate when the higher one was available (*see generally Ronnen v Ajax Elec. Motor Corp.*, 88 NY2d 582 [1996]; *Farrell Lines v City of New York*, 30 NY2d 76 [1972]). Accordingly, the arrears should have been calculated at the contractual interest rate of 6% per annum.

The defendants' remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.